**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KEITH DAGGETT**                                              **CIVIL ACTION**

**VERSUS**                                                     **NO. 06-5625**

**MARLIN GUSMAN, ET AL.**                                      **SECTION: "C"(1)**

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Keith Daggett, filed this *in forma pauperis* civil action against Marlin Gusman, C. Ray Nagin, Richard Stalder, Kathleen Blanco, Eddie Compass, Warren Riley, Eddie Jordan, Charles Foti, James LeBlanc, Jim Rogers, Robert Henderson, Launey Beckham, C. Jones, Deputy Wilson, and an unidentified Phelps Correctional Center guard. In this lawsuit, plaintiff asserts various claims arising from his arrest and incarceration.

Plaintiff's original complaint was filed *pro se*.[1] However, he subsequently retained counsel, who has now filed an amended and superceding complaint.[2]

With respect to actions filed *in forma pauperis*, such as the instant lawsuit,[3] federal law provides:

---

[1] Rec. Doc. 3.

[2] Rec. Doc. 9.

[3] See Rec. Docs. 1 and 2.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Upon performing that mandatory screening, the undersigned finds the following claims in counsel's amended and superceding complaint should be dismissed.

### Official-Capacity Claims

Richard Stalder, Kathleen Blanco, Charles Foti, James LeBlanc, Jim Rogers, Robert Henderson, and the unidentified Phelps Correctional Center guard are all state officials or employees. To the extent that plaintiff is attempting to bring official-capacity claims against any of those defendants,[4] the official-capacity claims are barred by sovereign immunity.

A suit against a state official or employee in his or her official capacity is actually a suit against the state itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not

---

[4] Counsel fails to specify in the amended and superceding complaint whether those defendants are being in sued in the official capacities, their individual capacities, or both.

>   explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted).  Because the Eleventh Amendment deprives this Court of jurisdiction over the official-capacity claims against the state defendants, those claims should be dismissed without prejudice.  See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

Additionally, to the extent that plaintiff means to assert official-capacity claims against Marlin Gusman, C. Ray Nagin, Eddie Compass, Warren Riley, Eddie Jordan, Launey Beckham, C. Jones, or Deputy Wilson,[5] he has failed to state a claim on which relief may be granted.  "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, the official-capacity claims against these defendants would in reality be claims against the local governmental bodies they serve.  However, in order to hold a local governmental body accountable for a constitutional violation, a plaintiff must show that (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference.  See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999).  Where, as in the instant case, the plaintiff fails to allege that the purported violations at issue resulted from an official policy or custom, dismissal of such claims is appropriate.  Castro Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001);

---

[5] Again, counsel fails to specify in the amended and superceding complaint whether those defendants are being in sued in the official capacities, their individual capacities, or both.

Meadowbriar Home for Children, Inc. v. Gunn, 81 F.3d 521, 533 (5th Cir. 1996); see also Govea v. ATF, No. 06-10507, 2006 WL 3147324 (5th Cir. Nov. 2, 2006); Causey v. Parish of Tangipahoa, 167 F.Supp.2d 898, 905-06 (E.D. La. 2001).

### Individual-Capacity Claims

Further, to the extent that plaintiff means to assert individual-capacity claims against the named defendants, he has failed to state cognizable claims with respect to most of the defendants. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this case, plaintiff has made no factual allegations whatsoever of the personal involvement of Marlin Gusman, C. Ray Nagin, Richard Stalder, Kathleen Blanco, Eddie Compass, Warren Riley, Eddie Jordan,[6] Charles Foti, James LeBlanc, Jim Rogers, and Robert Henderson. Accordingly, with respect to those defendants, plaintiff has failed to state a claim on which relief may be granted.[7]

---

[6] Moreover, even if Jordan was in any way personally involved in plaintiff's state prosecution, which is unlikely, he is protected by absolute prosecutorial immunity. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).

[7] The Court notes that those defendants all hold supervisory positions. However, under 42 U.S.C. § 1983, an official cannot be liable under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

Plaintiff has included allegations regarding the personal involvement of the unidentified Phelps Correctional Center guard, i.e. the guard threatened plaintiff that he would "eat concrete if [he asked] about an attorney again."[8] However, such threats simply are not actionable in a federal civil rights proceeding. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); see also Westbrook v. Treon, 78 Fed. App'x 970, 972 (5th Cir. 2003) ("Verbal threats do not rise to the level of a constitutional violation."). Accordingly, plaintiff's claim against the unidentified Phelps Correctional Center guard should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

## Remaining Claims

If the instant Report and Recommendation is approved in its entirety, the undersigned is of the opinion that only the following claims would remain against the following named defendants:[9]

1. Launey Beckham and C. Jones used excessive force in effecting plaintiff's arrest on August 26, 2005;[10] and

2. Deputy Wilson falsely arrested plaintiff for possession of marijuana.[11]

---

[8] Rec. Doc. 9, p. 6, ¶ 16.

[9] Although the amended and superceding complaint includes numerous factual allegations which perhaps could be construed as other claims, plaintiff has failed to identify any defendants with respect to those claims.

[10] See Rec. Doc. 9, p. 4, ¶ 6.

[11] Although the amended and superceding complaint is arguably unclear, the undersigned assumes that is the claim asserted against Wilson. See Rec. Doc. 9, p. 4, ¶ 8.

While expressing no opinion as to the ultimate merit of those claims, the undersigned recommends that, at least at this point, those claims be allowed to proceed.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's official-capacity claims against all defendants be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's individual-capacity claims against Marlin Gusman, C. Ray Nagin, Richard Stalder, Kathleen Blanco, Eddie Compass, Warren Riley, Eddie Jordan, Charles Foti, James LeBlanc, Jim Rogers, and Robert Henderson be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's individual-capacity claim against the unidentified Phelps Correctional Center guard be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of December, 2006.

                                          **SALLY SHUSHAN**
                                          **UNITED STATES MAGISTRATE JUDGE**