UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH DAGGETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5625** |
| **MARLIN GUSMAN, ET AL** | **SECTION "N"(4)** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter was remanded to the undersigned Magistrate Judge for further consideration, including the issuance of a Supplemental Report and Recommendation addressing the propriety of the Second Amended and Superseding Complaint and for further recommendation, if any, regarding disposition of the claims presented by the plaintiff. (Rec. Doc. No. 24).

In keeping with the remand, on April 18, 2007, the Court issued a Rule to Show Cause (Rec. Doc. Nos. 25, 26) addressed to Kevin Francis Tucker and Byrne Woodell Dyer, counsel for the plaintiff, directing them to show cause why the Second Amended and Superseding Complaint (Rec. Doc. No. 12) should not be stricken from the record for failing to obtain consent to file from opposing counsel and for failing to seek leave of court to file. Having heard the arguments of counsel for the plaintiff, the Court recommends that the Second Amended and Superseding Complaint (Rec. Doc. No. 12) be stricken from the record for the following reasons and that the pending Partial Report and Recommendation be adopted.

**I.      Factual Background**

This suit was originally filed *pro se* and *in forma pauperis* on September 1, 2006, by inmate Keith Daggett pursuant to Title 42 U.S.C. § 1983. Daggett alleged that he was arrested on August 26, 2005 for public intoxication, lewd conduct, and possession of marijuana. He claims that his skull was fractured by New Orleans Police Officers during his arrest.

Daggett also complained that he nearly drowned in his cell in OPP after Hurricane Katrina. He further alleges that he was moved to the gym where he slept on the wet gym floor. He claims that he remained in the flooded jail until August 31, 2005, when he was moved to the Broad Street bridge. He states that he was sent that same day to Elayn Hunt Correctional Center ("Hunt") where he received two sandwiches and water.

He recalls that, later that night, he was sent to C. Paul Phelps Correctional Center ("Phelps") in DeQuincy, Louisiana, where he complains that he was denied Buddhist religious services and had to sleep on a mattress on the floor. He also complains that he was abused by the guards there and denied daily access to showers.

Daggett further alleges that he was later moved to Dixon Correctional Center ("Dixon") to spend the remainder of his time until November 28, 2005. He complains that the conditions at Dixon were the same as those at Phelps. He further claims that he was denied access to a telephone, counsel and the courts. He seeks monetary damages and a written apology.

**II.    Procedural Background**

A little over one month after the complaint was filed, Kevin Tucker enrolled as counsel for plaintiff on October 16, 2006.[1] The previously assigned Magistrate Judge held an already-scheduled conference on October 17, 2006, with Tucker as counsel for plaintiff and Tim Richardson, counsel

---

[1] Rec. Doc. No. 6.

2

for Sheriff Gusman.[2] At the hearing, Magistrate Judge Shushan granted the plaintiff leave to file an amended complaint to better state the plaintiff's *pro se* claims.

The Amended and Superseding Complaint was filed by counsel on November 14, 2006.[3] Based on this new, superseding complaint, on December 6, 2006, the Magistrate Judge issued a Partial Report and Recommendation in which she recommended that the false arrest and excessive force during arrest claims against Kauney Beckham, C. Jones and Deputy Wilson, be allowed to proceed forward.[4] The Magistrate Judge further recommended that all official capacity claims against all defendants be dismissed without prejudice. She also recommended that the individual capacity claims against Marlin Gusman, C. Ray Nagin, Richard Stalder, Kathleen Blanco, Eddie Compass, Warren Riley, Eddie Jordan, Charles Foti, James LeBlanc, Jim Rogers, and Robert Henderson be dismissed without prejudice. Finally, the Magistrate Judge recommended that the claims against the unidentified guards at Phelps Correctional Center be dismissed with prejudice. There were no objections filed by any party.

On December 18, 2006, Byrne Dyer III moved to enroll as co-counsel and simultaneously, a Second Amended and Superseding Complaint was filed.[5] The Second Amended and Superseding Complaint raised the same claims against the same defendants which had been recommended for dismissal by the pending Partial Report and Recommendation.

---

[2] Rec. Doc. No. 8.

[3] Rec. Doc. No. 9.

[4] Rec. Doc. No. 11.

[5] Rec. Doc. Nos. 12, 13.

The plaintiff did not seek nor receive leave of court to file this complaint. No such motion was filed as required by Fed. R. Civ. P. 15(a) and L.R. 7.6E. Counsel also did not include any indication that consent was obtained from opposing counsel as required L.R. 7.6E.

Since that time, on January 12, 2007, Deputy Wilson answered the First Amended and Superseding Complaint.[6] On January 17, 2007, Sheriff Gusman and Deputy Wilson answered the Second Amended and Superseding Complaint.[7]

The first Rule to Show Cause set for April 4, 2007, directed Kevin Tucker and Byrne Dyer as counsel for plaintiff to appear and show cause why the Second Amended and Superseding Complaint should not be dismissed for failure to comply with Fed. R. Civ. P. 15 and L.R. 7.6E. (Rec. Doc. No. 25). Counsel failed to appear. The matter was reset for April 18, 2007. At the hearing, counsel conceded that he failed to file a motion for leave and requested that the Court allow him time to correct his error.

**III.   Analysis**

  **A.   The Pending Partial Report and Recommendation**

The Partial Report and Recommendation (Rec. Doc. No. 11) issued by the previously assigned Magistrate Judge remains pending before the Court. The sound reasoning therein led to four basic recommendations: (1) all official capacity claims against all defendants be dismissed without prejudice; (2) the individual capacity claims against Gusman, Nagin, Stalder, Blanco, Compass, Riley, Jordan, Foti, LeBlanc, Rogers, and Henderson be dismissed without prejudice; (3) the claims against the unidentified guards at the C. Paul Phelps Correctional Center be dismissed

---

[6] Rec. Doc. No. 22.

[7] Rec. Doc. No.23.

<u>with</u> prejudice; and (4) the false arrest and excessive force during arrest claims against Kauney Beckham, C. Jones and Deputy Wilson, in their individual capacities, be allowed to proceed forward.

The non-prevailing party may contest the report by filing written objections within ten days of being served with a copy. 28 U.S.C.A. § 636(b)(1)(B). The objections must specifically identify those findings or recommendations which the party wishes the district court to consider. *Id*. A district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

Furthermore, a party's failure to file written objections to the report within ten days bars that party from *de novo* review by a district court. *Webber v. Ramos*, 2007 WL 1039214, slip op. at *1 n.4 (W.D. Tex., Mar. 21, 2007) (citing 28 U.S.C.A. § 636(b)(1)). A party's failure to file written objections to the Magistrate Judge's report within ten days of service mandates only a plain-error review. *See Morin v. Moore*, 309 F.3d 316, 320 (2002); *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir.2000) ("[a] party who fails to file written objections to a magistrate judge's proposed findings and recommendations waives the objection, and on appeal we will review the issue for plain error only."); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir.1996) (en banc) (explaining that a party who fails to file written objections timely to the findings of fact and conclusions of law in a magistrate's report and recommendation shall be barred from appealing the factual findings and legal conclusions adopted by the district court, except in cases of plain error).

As noted, the plaintiff did not file objections to the findings and recommendations in that Partial Report and Recommendation. For this reason, the well-reasoned Partial Report and Recommendation (Rec. Doc. No. 11) should be adopted by the Court since no plain error exists.

The adoption of the report will result in the dismissal <u>with</u> prejudice of only the unidentified correctional officers at Phelps. All other recommended dismissals are <u>without</u> prejudice.

As such, the plaintiff will be barred from raising claims against these unidentified officers. However, the plaintiff would not necessarily be barred from amending his complaint to urge appropriate claims against those parties dismissed without prejudice. This is addressed in the next section of this report.

### B. The Second Amended and Superseding Complaint Should be Stricken

Rule 15 of the Federal Rules of Civil Procedure provides that a complaint can be amended once prior to the service of a responsive pleading. Fed. R. Civ. P. 15. "Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . ." Similarly, L.R. 7.6E requires the party to attempt to obtain consent for the filing of the motion to amend. If consent is obtained the motion can be submitted without notice of hearing. Otherwise, "no such motions, when required to be noticed for hearing, shall be accepted for filing unless accompanied by a certificate of counsel for the moving party to the effect that opposing counsel refused to consent to the filing and granting of such motion."

In the instant case, the plaintiff failed to comply with either rule. The original complaint had already been amended under the direction of the previously assigned Magistrate Judge. The Court did not grant leave, nor was the Court asked to do so, with respect to the Second Amended and Superseding Complaint. Counsel also did not file a certification regarding consent of opposing counsel. The Second Amended and Superseding Complaint is therefore improperly filed and should be stricken from the record.

However, as noted above, it has been recommended to the Court that the claims to be dismissed, with the exception of those against the unidentified Phelps Correctional Officers, be dismissed without prejudice. Therefore, the plaintiff may be able to amend his complaint to assert claims against the defendants who are to be dismissed without prejudice.

Thus, while the undersigned recommends that the Second Amended and Superseding Complaint (Rec. Doc. No. 12) be **STRICKEN** from the record, the Court has also instructed counsel to submit the appropriate Motion to Amend in compliance with both Fed. R. Civ. P. 15 and L.R. 7.6E for the Court's consideration if the plaintiff chooses to pursue such amendment. The propriety of the amendment will be adjudged at the appropriate time under those rules based on the opposition, if any, raised thereto by the defendants.

### IV.    Recommendation

It is therefore **RECOMMENDED** that the Court adopt as its opinion the well-reasoned Partial Report and Recommendation (Rec. Doc. No. 11) since no plain error exists and enter an Order in accordance therewith **DISMISSING WITHOUT PREJUDICE** all official capacity claims against all defendants, **DISMISSING WITHOUT PREJUDICE** the individual capacity claims against Marlin Gusman, C. Ray Nagin, Richard Stalder, Kathleen Blanco, Eddie Compass, Warren Riley, Eddie Jordan, Charles Foti, James LeBlanc, Jim Rogers, and Robert Henderson, and **DISMISSING WITH PREJUDICE** the claims against the unidentified guards at the C. Paul Phelps Correctional Center, and further ordering that the false arrest and excessive force during arrest claims against Kauney Beckham, C. Jones and Deputy Wilson, in their individual capacities, be allowed to proceed forward.

It is further **RECOMMENDED** that the plaintiff's Second Amended and Superseding Complaint (Rec. Doc. No. 12) be **STRICKEN** from the record as improperly filed in derogation of the requirements of Fed. R. Civ. P. 15 and L.R. 7.6E.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of April, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**