UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH DAGGETT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5625** |
| **MARLIN GUSMAN, ET AL** | **SECTION "N"(4)** |

### PARTIAL REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Summary**

The plaintiff, Keith Daggett, now represented by retained counsel, filed this *in forma pauperis* on September 1, 2006, pursuant to Title 42 U.S.C. § 1983. Daggett alleged in his *pro se* filed Original Complaint and the counsel filed First Amended and Superseding Complaint, that he was arrested on August 26, 2005 for public intoxication, lewd conduct, and possession of marijuana. He claims that his skull was fractured by New Orleans Police Officers during his arrest.[1]

Daggett also complained that he nearly drowned in his cell in OPP after Hurricane Katrina. He further alleges that he was moved to the gym where he slept on the wet gym floor. He claims

---

[1] Rec. Doc. Nos. 1, 9.

that he remained in the flooded jail until August 31, 2005, when he was moved to the Broad Street bridge. He states that he was sent that same day to Elayn Hunt Correctional Center ("Hunt") where he received two sandwiches and water.

He recalls that, later that night, he was sent to C. Paul Phelps Correctional Center ("Phelps") in DeQuincy, Louisiana, where he complains that he was denied Buddhist religious services and had to sleep on a mattress on the floor. He also complains that he was abused by the guards there and denied daily access to showers.

Daggett further alleges that he was later moved to Dixon Correctional Center ("Dixon") to spend the remainder of his time until November 28, 2005. He complains that the conditions at Dixon were the same as those at Phelps. He further claims that he was denied access to a telephone, counsel and the courts. He seeks monetary damages and a written apology.

## II.     Procedural Background

On June 14, 2007, upon the recommendations of the Magistrate Judge,[2] the District Judge issued an Order dismissing all of the plaintiff's claims against the defendants except for the false arrest and excessive force during arrest claims urged against Launey Beckham, C. Jones, and Deputy Wilson, in their individual capacities.[3]

Summons was issued by the Clerk of Court for these defendants on November 14, 2006.[4] The record does not contain any proof of service of the summons on these defendants. In addition,

---

[2]Rec. Doc. Nos. 11, 28.

[3]Rec. Doc. No. 31.

[4]Rec. Doc. No. 10.

Deputy Wilson is the only one who filed an answer to the complaint and first amended complaint after summons was issued.[5]

On July 13, 2007, this Court issued a Rule to Show Cause directing Daggett to show cause on or before August 1, 2007, why his claims against the defendants Jones and Beckham should not be dismissed for failure to serve within 120 days as required by Fed. R. Civ. P. 4(m).[6]  Plaintiff's counsel has failed to comply with this order or otherwise contact the Court.

## III.   Analysis

Under Fed. R. Civ. P. 4(m), service must be made within 120 days of the filing of the complaint.  In this case, summons on the original *pro se* Complaint were withheld by the previously assigned Magistrate Judge.[7]  However, summons were authorized for the First Amended and Superseding Complaint and the defendants should have been served by March 14, 2007.  The record does not contain any indication that Jones or Bickham were served.

In addition, Fed. R. Civ. P. 41(b) specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  *See* Fed. R. Civ. P 41(b).  A Rule 41(b) dismissal is considered an adjudication on the merits.  *Id.*  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See e.g. Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976).  In this case, the plaintiff

---

[5]Rec. Doc. Nos. 22, 23.

[6]Rec. Doc. No. 32.

[7]Rec. Doc. No. 2.

is represented by counsel. The Court however has not received any response explaining the cause or nature of the service delay.

Daggett has failed to respond to the Court's Rule to Show Cause or submit proof of service as to these two defendants. He therefore has failed to comply with Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 41(b).

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Daggett's claims of false arrest and excessive force against Launey Beckham and C. Jones, in their individual capacity, be **DISMISSED WITH PREJUDICE** for failure to serve pursuant to Fed. R. Civ. P. 4(m) and for failure to prosecute under Fed. R. Civ. P. 41(b).

The matter shall proceed forward as to the false arrest and excessive force claims urged by Daggett against the sole remaining defendant, Deputy Wilson, in his individual capacity.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___12th___ day of ___September___, 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**